The Honorable Jay Scott Emler State Senator, 35th District 1457 Shawnee Road Lindsborg, Kansas 67456
Dear Senator Emler:
You request our opinion on whether Bethany College in Lindsborg, Kansas, should charge a transient guest tax to conference/convention attendees who stay overnight in its residential dormitories during the operation of the college's summer programs.
The applicable law is K.S.A. 12-1696 et seq., which was passed during the 1977 legislative session and substantially paralleled language in an act that became law two years earlier.[1] K.S.A.12-1697 extends the availability of transient guest taxes to the governing bodies of any county or city, and calls for the city or county seeking the tax to authorize it by resolution or ordinance.
Transient guest taxes are levied upon "the gross receipts derived from or paid directly or through an accommodations broker by transient guests for sleeping accommodations . . . in any hotel, motel or tourist court."[2] The tax is based on "gross rental receipts collected by any business or accommodations broker."[3] All tax revenues are earmarked for the "promotion of tourism and conventions" within the authorizing city or county.[4]
Transient guests liable for payment of the tax are persons who occupy a "room in a hotel, motel or tourist court for not more than 28 days."[5]
Businesses liable for collection of the tax are defined as "persons engaged in the business of renting, leasing or letting" living spaces or rooms in a "hotel, motel or tourist court."[6] Accommodations brokers, who are also liable for collection of the tax, maintain two or more rooms at any location that are offered for pay to transient guests.[7]
"Hotel, motel or tourist court" is defined as follows:
"[A]ny structure or building which contains rooms furnished for the purpose of providing lodging, which may or may not also provide meals, entertainment or various other personal services to transient guests, and which is kept, used, maintained, advertised or held out to the public as a place where sleeping accommodations are sought for pay or compensation by transient or permanent guests and having more than two bedrooms furnished for the accommodation of such guests."[8]
Under K.S.A. 12-1697(b), businesses must pay the transient guest tax over to the Kansas Department of Revenue. The Secretary of Revenue administers and collects such taxes and may adopt rules and regulations necessary for the "efficient and effective administration and enforcement" of collecting the tax.[9] The Department's Director of Taxation is charged with identifying "each person doing business in such city or county to which such tax is applicable . . ."[10] and is responsible for determining whether a taxpayer's failure to pay the tax is reasonable, and not "wilful neglect."[11]
The fundamental rule of statutory construction is that the intent of the Legislature governs and should be derived from the words used in the statute.[12] The entire act must be considered when construing a statute,[13] and provisions should not be interpreted to contravene the manifest purpose of the act.[14] The "presence or absence of punctuation is not conclusive as to the meaning of a statute," particularly if the purpose for which a taxing statute is designed is made clear from the context of the act.[15]
The Transient Guest Tax Act directs only accommodations brokers and businesses to collect the tax, and only from transient guests who stay in hotels, motels or tourist courts. A "hotel, motel or tourist court" is a physical facility with rooms "furnished for the purpose of" providing lodging to transient guests. Although a comma is placed after the term "lodging" in K.S.A. 12-1696, and not correspondingly after the clause ending in "services," it appears the Legislature intended that only facilities whose purpose is housing transient guests be subject to the tax. In looking at the remainder of the Act, only transient guests must pay the tax, and accommodations brokers are required to collect the tax only from transient guests. If the definition of hotel, motel and tourist courts was construed more broadly, apartment houses, residential multiplexes and other long-term units would fall under the Act, which is not contemplated by corresponding statutes on collecting the tax. We conclude that businesses must have the housing of transient guests as their primary purpose in order to fall under the provisions of K.S.A.12-1696 et seq. Bethany College has as its primary purpose the education and housing of students for nine-month periods; its purpose is not the lodging of short-term guests.
The interpretation of the agency charged with administering a statute is to be given deference, particularly when the agency is one of "special competence and expertise," such as the Department of Revenue on taxing matters.[16] The transient guest tax statutes and the question raised by your opinion request have been subjected to agency review. Our legal conclusion, above, was previously reached in an interpretation issued by the Department of Revenue, the agency that administers the Act, promulgates regulations under the Act and decides which businesses fall under the provisions of the Act. In a letter dated June 15, 1998, a representative from the Department's Office of Policy and Research reviewed the language in the transient guest tax statutes and determined that Bethany College was neither a "business" nor an "accommodations broker" as defined in the Act, and that Bethany College could not be deemed to be acting as a hotel, motel or tourist court. Consequently, the Department concluded, Bethany College was not required to impose a transient guest tax on its overnight guests who stay in college dormitories in conjunction with summer programs, conventions or seminars. The Act has not been amended since the Department issued its letter opinion, and the conclusions in the opinion were recently reaffirmed to our office by the Department's general counsel.
Lastly, the right to tax is "penal in nature," and statutes imposing a tax are to be strictly construed in favor of the prospective taxpayer.[17] "Where there is reasonable doubt in interpreting a taxing act," the act shall be construed in the taxpayer's favor.[18] The language in K.S.A. 12-1696 does not patently support imposing a transient guest tax on summer visitors to educational residence halls. For this additional reason, we conclude the tax should not be levied.
In conclusion, we agree with the Department of Revenue's interpretation that Bethany College is not an accommodations broker, a business, or a hotel, motel or tourist court as these terms are defined in the transient guest tax statutes. Consequently, Bethany College is not required to collect a transient guest tax from overnight guests who stay at its residence halls during the summer.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Nancy L. Ulrich Assistant Attorney General
CJS:JLM:NLU:jm
[1] K.S.A. 12-1692.
[2] K.S.A. 12-1697(a).
[3] K.S.A. 12-1697(b).
[4] K.S.A. 12-1697(a); K.S.A. 12-1698(e).
[5] K.S.A. 12-1696(c).
[6] K.S.A. 12-1696(d).
[7] K.S.A. 12-1696(f).
[8] K.S.A. 12-1696(b) (emphasis added).
[9] K.S.A. 12-1698(c).
[10] K.S.A. 12-1698(d).
[11] K.S.A. 12-1698(f).
[12] Davis v. City of Leawood, 257 Kan. 512, 527 (1995).
[13] Danisco Ingredients USA, Inc. v. Kansas City Power and LightCo., 267 Kan. 760, 772 (1999).
[14] Aves By and Through Aves v. Shah, 258 Kan. 508, 512 (1995), quoting Leiker v. Gafford, 245 Kan. 325 (1989).
[15] Barten v. Turkey Creek Watershed Joint District No. 32,200 Kan. 489, 504 (1968).
[16] In re Appeal of Topeka SMSA Ltd. Partnership, 260 Kan. 154,162 (1996).
[17] In re Tax Exemption Application of Kaul, 261 Kan. 755, 766
(1997).
[18] Id.